UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

ERIC BRITTEN,

      Petitioner,

v.

DAVID CRIST,

      Respondent.

Civil No. 99-1479 (ADM/JGL)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's pro se application for habeas corpus relief. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

I. BACKGROUND

Petitioner is a state prisoner currently incarcerated at the Minnesota Correctional Facility, Stillwater, Minnesota. On March 4, 1998, he pled guilty to two counts of aggravated robbery, and he was thereafter sentenced to 108 months in state prison. (Petition, [Docket No. 1], p. (2), ¶s 1-5.) Petitioner later took an appeal to the Minnesota

---

[1] The applicable language in Rule 4 provides as follows:

"If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

FILED OCT 0 4 1999
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D_____
DEPUTY CLERK_____

Court of Appeals, claiming that the trial court had abused its discretion by imposing a 108-month sentence, rather than a 98-month sentence. The Court of Appeals rejected Petitioner's sentencing claim and affirmed his conviction and sentence. State v. Britten, No. C7-98-984 (Minn.App. 1998), 1999 WL 17658 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's request for further review on March 30, 1999. Id.

Petitioner has also filed a state post-conviction motion with the trial court, in which he purportedly raised claims of "ineffective assistance of trial counsel, ineffective assistance of appellate counsel & double jeopardy." (Petition, p. (3), ¶ 11.(a)(3).) Presumably the motion was denied, although that is not specifically stated on the face of the petition. The petition does specifically indicate, however, that no appeal was taken from the trial court's ruling on the post-conviction motion. (Id., p. (4), ¶ 11.(c).)

On September 29, 1999, Petitioner filed his present petition seeking federal habeas corpus relief. The petition lists four grounds for relief: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) "abuse of discretion;" and (4) double jeopardy. It is readily apparent, however, that only the third claim for relief, ("abuse of discretion"), has been presented to, and addressed by, the Minnesota state appellate courts. As discussed more fully below, the Court concludes that Petitioner's other three claims, (grounds 1, 2 and 4), have not been fairly presented to the state courts, and that the instant petition must therefore be dismissed for non-exhaustion.

II. DISCUSSION

One of the most elementary principles of habeas corpus law is that federal courts will not entertain a state prisoner's habeas corpus claims unless such claims have first

been fairly presented to, and decided on the merits by, the highest possible state court. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982); Hall v. Delo, 41 F.3d 1248, 1249 (8th Cir. 1994). This requirement is based on the principles of comity and federalism, and its purpose is to give state courts the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1732; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19 (1982); Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988). In order to satisfy this "exhaustion of state remedies" requirement, a prisoner must demonstrate that he has properly presented his constitutional arguments to the state courts before attempting to raise them in federal court. Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). A habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. Rose, 455 U.S. at 510, 522.

In this case, only Petitioner's "abuse of discretion" claim has been addressed by Minnesota's highest state court. It appears on the face of the petition that Petitioner's other three claims, (grounds 1, 2 and 4), have never been presented to, or decided on the merits by, either the Minnesota Court of Appeals or the Minnesota Supreme Court. Minnesota law clearly authorizes prisoners to appeal adverse rulings in state post-conviction proceedings to the Minnesota Court of Appeals, and thereafter to the Minnesota

Supreme Court. Minn.Stat. § 590.06; Minn.R.App.Proc. Rule 117, subd. 1. Because Petitioner has not availed himself of the opportunity to seek appellate review of the claims raised in his post-conviction motion, he has not exhausted his state court remedies with regard to the claims listed at grounds 1, 2 and 4 of his current petition. See O'Sullivan, 119 S.Ct. at 1733 (a federal habeas petitioner must "use the State's established appellate review procedures before he presents his claims to a federal court").[2]

### III. CONCLUSION

For the reasons discussed above, the Court concludes that Petitioner has filed a mixed petition. His "abuse of discretion" claim has been exhausted, but his other three claims have not been exhausted. Minnesota's state appellate courts are fully competent to hear and decide the merits of the claims listed at grounds 1, 2 and 4 of the instant petition, and those courts must be given the first opportunity to consider such claims.

---

[2] Whether the Minnesota Court of Appeals will still entertain an appeal in Petitioner's post-conviction proceedings cannot be determined from the information provided in his present petition. The applicable state statute requires that appeals in post-conviction proceedings must be taken with 60 days after the trial court's final decision on the motion. Minn.Stat. 590.06. The instant petition does not indicate when the trial court ruled on Petitioner's post-conviction motion, so this Court cannot tell whether Petitioner can still file a timely appeal. Moreover, even if the post-conviction motion was decided more than 60 days ago, Petitioner might be able to persuade the Court of Appeals to accept a late appeal -- if he could show good cause for his delinquency. Therefore, this Court will not attempt to decide whether Petitioner can still pursue an appeal in his state post-conviction proceedings. That issue will have to be resolved by the state courts. It should be noted, however, that if the state courts conclude that Petitioner is now procedurally barred from taking an appeal in his post-conviction proceedings, then the claims he attempted to raise in those proceedings -- i.e., ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and double jeopardy -- will have been procedurally defaulted. See McCall, 114 F.3d at 757; Coleman v. Thompson, 501 U.S. 722, 750 (1991). In that event, Petitioner will be precluded from raising those three claims in any future habeas corpus proceeding, except upon a showing of cause and prejudice, or new evidence proving his actual innocence. Id.

4

Because the current petition includes three unexhausted claims, it will be summarily dismissed pursuant to Rule 4 of the Rules Governing 2254 Cases. Such dismissal shall be without prejudice, however, so that Petitioner may return to federal court -- if necessary -- after Minnesota's Court of Appeals and Supreme Court have ruled on the merits of all of the claims that he seeks to present in federal court. See Williams v. Groose, 77 F.3d 259, 262 (8th Cir. 1996).[3]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

(1) The petition for writ of habeas corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE.**

Dated: October 4, 1999

JONATHAN LEBEDOFF
United States Magistrate Judge

---

[3] Theoretically, Petitioner could file a new federal habeas corpus petition immediately, if such new petition included only his one fully exhausted claim -- i.e., the "abuse of discretion" claim. That claim, however, does not appear to be based on any federal constitutional principle. Therefore, if Petitioner were to file another petition that included only his abuse of discretion claim, it is likely that the petition would be summarily dismissed because no federal constitutional issue would be presented. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"). Thereafter, Petitioner would be barred from filing any further applications for habeas corpus relief, unless the Eighth Circuit Court of Appeals specifically authorized him to do so. 28 U.S.C. § 2244(b)(3)(A).

5

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by _October 22, 1999_, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.